UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CONNECTICUT, | ) ) ) | No.: 20CV00430(CSH) |
| Plaintiffs, | ) ) | |
| v. | ) ) | March 30, 2020 |
| YOUR EYES OF NEW BRITAIN, INC. and CAROL SANDERSON, | ) ) ) | |
| Defendants. | ) ) | |

## **STIPULATED JUDGMENT**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that the parties have negotiated a settlement in the above-referenced matter, which settlement took effect on March 27, 2020 (the Settlement Agreement); and that

As part of that negotiated settlement, the defendants, Your Eyes of New Britain, Inc., and Carol Sanderson, pursuant to Fed. R. Civ. P. 54 and 58, hereby consent to entry of judgment against them, jointly and severally, and in favor of the plaintiffs, the United States of America and the State of Connecticut, in the amount of Two Hundred Sixty Three Thousand Four Hundred Eighty Eight Dollars and Fifty Cents ($263,488.50), plus interest, as set forth in the Settlement Agreement. A copy of that Settlement Agreement is attached as Exhibit 1 hereto, and is incorporated herein by reference.

1

The parties shall each bear their own costs, fees, and expenses.

Respectfully Submitted,

**ON BEHALF OF THE UNITED STATES**

DATED:  3/27/2020

JOHN H. DURHAM
UNITED STATES ATTORNEY

BY:  SARA KACZMAREK   Digitally signed by SARA
KACZMAREK
Date: 2020.03.27
11:30:17 -04'00'

SARA G. KACZMAREK
Assistant United States Attorney
Federal Bar No. ct30726
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700
Sara.Kaczmarek@usdoj.gov

**ON BEHALF OF THE STATE OF CONNECTICUT**

WILLIAM TONG
ATTORNEY GENERAL

DATED: 3/23/2020   BY:

GREGORY O'CONNELL
Assistant Attorney General
State of Connecticut
Federal Bar No.  ct27473

**ON BEHALF CAROL SANDERSON**

DATED: _3/19/2020_      BY: _Carol Sanderson_
_____
CAROL SANDERSON


DATED: _3/23/2020_      BY: _Jody Erdfarb_
_____
JODY ERDFARB, ESQ.
Wiggin and Dana LLP
Counsel for Carol Sanderson


**ON BEHALF OF YOUR EYES OF NEW BRITAIN, INC.**

DATED: _3/19/2020_      BY: _Carol Sanderson_
_____
CAROL SANDERSON
Owner
Your Eyes of New Britain, Inc.


DATED: _3/23/2020_      BY: _Jody Erdfarb_
_____
JODY ERDFARB, ESQ.
Wiggin and Dana LLP
Counsel for Your Eyes of New Britain
Federal Bar No.


Dated at New Haven, Connecticut, this 12th day of June 2020.

ROBIN D. TABORA, Clerk

By: _/s/ Donna Barry_
Deputy Clerk


EOD:  June 12, 2020

3

EXHIBIT 1

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS"), (collectively the "United States"); the State of Connecticut, acting through the Attorney General of the State of Connecticut (collectively the "State of Connecticut"); Your Eyes of New Britain, Inc. ("Your Eyes") and Carol Sanderson ("Sanderson"), (Your Eyes and Sanderson collectively referred to as "Defendants"); (all entities and individuals set forth above are hereafter collectively referred to as "the Parties"), through their authorized representatives.

RECITALS

A.      Your Eyes is an optician group located in New Britain, Connecticut. Carol Sanderson is the owner of Your Eyes.

B.      The United States and the State of Connecticut contend that Defendants submitted or caused to be submitted claims for payment to the Medicaid Program, 42 U.S.C. §§ 1396-1396w-5 ("Medicaid").

C.      The United States and the State of Connecticut contend that they have certain civil claims against Defendants arising out of Defendants submitting, or causing to be submitted, claims to Medicaid for certain optical services. CPT code 92340, "Fitting services," reimburses an optician for fitting a patient with a new pair of glasses, and includes reimbursement for the final adjustment and fitting of glasses. The final fitting or adjustment of a new pair of glasses is not a separate service. The United States and the State of Connecticut contend that Defendants improperly billed Medicaid when dispensing a new pair of glasses by submitting a claim for both

-1-

*Settlement Agreement Between*
*United States/State of Connecticut,*
*Your Eyes and Carol Sanderson*

CPT code 92340 for the initial fitting and for CPT code 92370 for a final fitting or adjustment. The Medicaid payment for a claim for CPT code 92370, "Repair and Refitting services," is intended to reimburse an optician for a repair of the glasses, and any necessary subsequent refitting. Instead of providing repair services, Defendants were providing final adjustments to glasses, which was a service included in the fitting, billed pursuant to CPT code 92340.  The United States and the State of Connecticut contend that these CPT code 92370 claims for the final fitting of a pair of new glasses constituted false or fraudulent claims submitted to the Medicaid program during the time period January 1, 2014, to April 30, 2019.  The conduct detailed in this paragraph is referred to below as the "Covered Conduct."

D.      This Settlement Agreement is neither an admission of liability by Your Eyes and Sanderson, nor a concession by the United States or the State of Connecticut that their claims are not well-founded. The Defendants deny the United States' and the State of Connecticut's allegations in Paragraph C.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

<u>TERMS AND CONDITIONS</u>

1.      Your Eyes and Carol Sanderson shall pay to the United States and the State of Connecticut pursuant to this Settlement Agreement, a total of Two Hundred Sixty Three Thousand Four Hundred Eighty Eight Dollars and Fifty Cents ($263,488.50) (the "Settlement Amount"), plus interest, of which One Hundred Seventy-Five Thousand Six Hundred Fifty Nine Dollars ($175,659.00) is restitution by Your Eyes and Sanderson.  Your Eyes and Sanderson are

jointly and severally liable for the Settlement Amount.  Your Eyes and Sanderson agree that the

Settlement Amount shall be paid by electronic funds transfer pursuant to written instructions to

be provided by the United States Attorney's Office for the District of Connecticut and shall be

satisfied as follows:

    a.  Your Eyes and Sanderson agree to give up and release all right, title, and interest to all

Connecticut Medical Assistance Program ("CMAP") funds that have been suspended

and/or retained by the State of Connecticut, in the amount of $65,078.50 (the "Suspended

Amounts"). Your Eyes and Sanderson agree that the calculation of the Suspended

Amounts is accurate and that no further monies related to the Suspended Amounts are

due and owing to Your Eyes and Sanderson from the State of Connecticut or from the

United States.  Your Eyes and Sanderson agree that the United States and the State of

Connecticut shall retain the Suspended Amounts forevermore.  Your Eyes and Sanderson

expressly relinquish any and all rights of any kind that they may have with respect to the

Suspended Amounts, including, but not limited to, any and all claims or rights to have an

overpayment determined, any and all rights to payment of those funds, and any and all

rights to appeal, whether formally or informally and whether administratively or

judicially, the right of the United States and/or the State of Connecticut to retain those

funds, and any other rights Your Eyes and Sanderson may have to challenge the

Suspended Amounts in any respect.  Your Eyes and Sanderson further agree to execute

any documents necessary to effectuate the release of Your Eyes and Sanderson's right,

title, and interest in the Suspended Amounts.

b. The remaining One Hundred Ninety Eight Thousand Four Hundred Ten Dollars ($198,410.00), plus interest, pursuant to the payment schedule attached hereto as Exhibit A.  Interest will be charged at the rate of 1.75%, compounded monthly.  Your Eyes and Sanderson agree to execute, contemporaneously with this Agreement, a Stipulated Judgment, in the form attached hereto as Exhibit B.  On or after the Effective Date of the Agreement, the United States and the State of Connecticut will file a civil complaint against Your Eyes and Sanderson in the United States District Court for the District of Connecticut.  Promptly after the filing of the civil complaint, the United States and the State of Connecticut will file a motion, on consent, for entry of a judgment in favor of the United States and the State of Connecticut, and against Your Eyes and Sanderson, as set forth in the Stipulated Judgment, and the United States and the State of Connecticut will file the Stipulated Judgment with the Court. The entire balance of the Settlement Amount, or any portion thereof, plus any interest accrued on the principal as of the date of any prepayment, may be prepaid without penalty.

2.      In the event that Your Eyes and Sanderson fail to pay any portion of the Settlement Amount as provided by paragraph 1 above, and the attached payment schedule, within ten (10) business days of the date upon which each such payment is due, Your Eyes and Sanderson shall be in Default of their payment obligations ("Default").  The United States and/or the State of Connecticut will provide a written Notice of Default, and Your Eyes and Sanderson shall have an opportunity to cure such Default within ten (10) business days from the date of receipt of the Notice of Default.  Notice of Default will be sent to Jody Erdfarb, Esq., Wiggin and Dana, One Century Tower, P.O. Box 1832, New Haven, Connecticut 06508, and to Your

*Settlement Agreement Between*
*United States/State of Connecticut,*
*Your Eyes and Carol Sanderson*

Eyes and Carol Sanderson at 198 East Main Street, New Britain, Connecticut 06051.   If Your

Eyes and Sanderson fail to cure the Default within ten (10) business days of receiving the Notice

of Default, the remaining unpaid balance of the Settlement Amount shall become immediately

due and payable, and interest on the remaining unpaid balance shall thereafter accrue at the rate

of 12% per annum, compounded daily from the date of Default, on the remaining unpaid total

(principal and interest balance).   In the event of Default, the United States and the State of

Connecticut, at their sole discretion, may (a) take any action to execute and collect on the

Stipulated Judgment against Your Eyes and Sanderson; (b) declare this Agreement breached, and

proceed against Your Eyes and Sanderson for any claims, including those to be released by this

agreement; (c) file an action for specific performance of the Agreement and/or the Stipulated

Judgment; (d) offset the remaining unpaid balance, inclusive of interest, from any amounts due

and owing to Your Eyes and Sanderson by any department, agency, or agent of the United States

or the State of Connecticut at the time of Default; (e) exercise any other right granted by law, or

under the terms of this Agreement, or recognizable at common law or in equity.

Your Eyes and Sanderson agree not to contest any offset imposed and not to contest any

collection action undertaken by the United States or the State of Connecticut pursuant to this

Paragraph, either administratively or in any state or federal court, except on the grounds of actual

payment to the United States or the State of Connecticut.   In the event of Default, as defined

above, and at their sole option, the United States and the State of Connecticut alternatively may

rescind this Agreement and bring any civil and/or administrative claim, action, or proceeding

against Your Eyes and Sanderson for the claims that would otherwise be covered by the releases

provided in Paragraphs 3 and 4, below.   In the event that the United States or the State of

Connecticut opt to rescind this Agreement pursuant to this Paragraph, Your Eyes and Sanderson agree not to plead, argue, or otherwise raise any defenses of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims that are (a) filed by the United States or the State of Connecticut against Your Eyes and Sanderson within 120 days of written notification that this Agreement has been rescinded, and (b) relate to the Covered Conduct, except to the extent these defenses were available on or before the Effective Date of this Agreement.

3.      Subject to the exceptions in Paragraph 7 (concerning excluded claims) below, and conditioned upon Your Eyes and Carol Sanderson's full payment of the Settlement Amount, and subject to Paragraph 17 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Agreement or any payment made under this Agreement), the United States releases Your Eyes and Sanderson from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

4.      Subject to the exceptions in Paragraph 7 (concerning excluded claims) below, and conditioned upon Your Eyes and Sanderson's full payment of the Settlement Amount, and subject to Paragraph 17 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Agreement or any payment made under this Agreement), the State of Connecticut releases Your Eyes and Sanderson from any civil claims the State of Connecticut has, or could have asserted for the Covered Conduct under, Conn. Gen. Stat. §4-274 et seq.

(Connecticut State False Claims Act), and the common law theories of payment by mistake, unjust enrichment, and fraud.

5.      In the event of a Default as defined in Paragraph 2, above, which is not cured by Your Eyes and Sanderson pursuant to Paragraph 2, OIG-HHS may exclude Your Eyes and Sanderson from participating in all Federal health care programs until Your Eyes and Sanderson pay the Settlement Amount as set forth in Paragraph 1, above.  OIG-HHS will provide written notice of any such exclusion to Your Eyes and Carol Sanderson.  Your Eyes and Sanderson waive any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agree not to contest such exclusion either administratively or in any state or federal court.  Reinstatement to program participation is not automatic.  If at the end of the period of exclusion Your Eyes and Sanderson want to apply for reinstatement, Your Eyes and Sanderson must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005.  Your Eyes and Sanderson will not be reinstated unless and until OIG-HHS approves such request for reinstatement.

6.      In the event of a Default as defined in Paragraph 2, above, which is not cured by Your Eyes and Sanderson pursuant to Paragraph 2, the State of Connecticut may suspend Your Eyes and Sanderson from participating in all state administered health or human service programs until Your Eyes and Sanderson pay the Settlement Amount as set forth in Paragraph 1, above.  The State of Connecticut will provide written notice of any such suspension to Your Eyes and Carol Sanderson.  Your Eyes and Sanderson waive any further notice of the suspension under Regulations of Connecticut State Agencies Section 17-83k-1, et seq., and agree not to contest such suspension either administratively or in any state or federal court.  Reinstatement to

-7-

program participation is not automatic.  If at the end of the period of suspension Your Eyes and

Sanderson want to apply for reinstatement, Your Eyes and Sanderson must submit a written

request for reinstatement to the State of Connecticut in accordance with the provisions of

Regulations of Connecticut State Agencies Section 17-83k-7.  Your Eyes and Sanderson will not

be reinstated unless and until the State of Connecticut approves such request for reinstatement.

7.     Notwithstanding the releases given in Paragraphs 3 and 4 of this Settlement

Agreement, or any other term of this Settlement Agreement, the following claims of the United

States and the State of Connecticut are specifically reserved and are not released:

a.     Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.     Any liability arising under the laws and regulations that are administered
       and enforced by the State of Connecticut Department of Revenue
       Services;

c.     Any criminal liability;

d.     Except as explicitly stated in this Settlement Agreement, any civil or
       administrative liability that any person or entity has or may have to the
       State or to individual consumers or state program payors under any statute,
       regulation or rule not expressly covered by the release in Paragraph 4
       above, including, but not limited to, any and all of the following claims: (i)
       State or federal antitrust violations; (ii) claims involving unfair and/or
       deceptive acts and practices and/or violations of consumer protection
       laws;

*Settlement Agreement Between*
*United States/State of Connecticut,*
*Your Eyes and Carol Sanderson*

e.  Except as explicitly stated in this Settlement Agreement, any administrative liability to the United States, including mandatory or permissive exclusion from Federal health care programs;

f.  Except as explicitly stated in this Settlement Agreement, any administrative liability to the State of Connecticut Department of Social Services, including suspension from the CMAP;

g.  Any liability to the United States or the State of Connecticut (or their agencies) for any conduct other than the Covered Conduct;

h.  Any liability based upon obligations created by this Settlement Agreement;

i.  Any liability of individuals other than Carol Sanderson;

j.  Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

k.  Any liability for failure to deliver goods or services due; and

l.  Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

8.  Your Eyes and Sanderson waive and shall not assert any defenses Your Eyes and Sanderson may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the

-9-

Eighth Amendment of the Constitution, this Settlement Agreement bars a remedy sought in such criminal prosecution or administrative action.

9.      Your Eyes and Sanderson fully and finally release the United States, the State of Connecticut, and their respective agencies, employees, servants, and agents from any claims in their official and individual capacities (including attorney's fees, costs, and expenses of every kind and however denominated) that Your Eyes and Sanderson have asserted, could have asserted, or may assert in the future against the United States, the State of Connecticut, their respective agencies, employees, servants, and agents, related to the Covered Conduct and the United States' and the State of Connecticut's  investigation and prosecution thereof.

10.     The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier), or any state payer, related to the Covered Conduct; and Your Eyes and Sanderson agree not to resubmit to any Medicare carrier or intermediary or any state payer any previously denied claims related to the Covered Conduct, agree not to appeal any such denials of claims, and agree to withdraw any such pending appeals.

11.     Your Eyes and Sanderson agree to the following, if applicable:

a.      Unallowable Costs Defined:  All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Your Eyes and Sanderson, their present or former officers, directors, employees, shareholders, and agents in connection with:

(1)     the matters covered by this Settlement Agreement;

(2)     the United States' and the State of Connecticut's audit(s) and civil investigation(s) of the matters covered by this Settlement Agreement;

(3)     Your Eyes and Sanderson's investigation, defense, and corrective actions undertaken in response to the United States' and the State of Connecticut's audit(s) and civil investigation(s) in connection with the matters covered by this Settlement Agreement (including attorney's fees);

(4)     the negotiation and performance of this Settlement Agreement; and

(5)     the payments Your Eyes and Sanderson make to the United States and the State of Connecticut pursuant to this Settlement Agreement

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

b.     <u>Future Treatment of Unallowable Costs</u>:  Unallowable Costs shall be separately determined and accounted for by Your Eyes and Sanderson, and Your Eyes and Sanderson shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or the State of Connecticut, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Your Eyes and Sanderson or any of their subsidiaries or affiliates to the Medicare, Medicaid, ConnPACE, TRICARE, or FEHBP Programs.

c.     <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Your Eyes and Sanderson further agree that within 90 days of the Effective Date of this Settlement Agreement they shall identify to applicable Medicare and TRICARE fiscal intermediaries,

-11-

carriers, and/or contractors, and Medicaid, ConnPACE and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Your Eyes and Sanderson or any of their subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs.  Your Eyes and Sanderson agree that the United States and the State of Connecticut, at a minimum, shall be entitled to recoup from Your Eyes and Sanderson any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States and/or the State of Connecticut pursuant to the direction of the Department of Justice or the Connecticut Attorney General's Office, respectively, and/or the affected agencies.  The United States and the State of Connecticut reserve their rights to disagree with any calculations submitted by Your Eyes and Sanderson or any of their subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Your Eyes and Sanderson or any of their subsidiaries or affiliates' cost reports, cost statements, or information reports.

d.      Nothing in this Settlement Agreement shall constitute a waiver of the rights of the United States and/or the State of Connecticut to audit, examine, or re-examine Your Eyes and Sanderson's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

-12-

*Settlement Agreement Between*
*United States/State of Connecticut,*
*Your Eyes and Carol Sanderson*

12.     This Settlement Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 13 (waiver for beneficiaries paragraph), below.

13.     Your Eyes and Sanderson agree that they waive and shall not seek payment for any of the health care billings covered by this Settlement Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

14.     Your Eyes and Sanderson have provided sworn financial disclosure statements and related financial documents ("Financial Statements") to the United States and the State of Connecticut, and the United States and the State of Connecticut have relied on the accuracy and completeness of those Financial Statements in reaching this Agreement.  Your Eyes and Sanderson warrant that the Financial Statements are thorough, accurate, and complete.  Your Eyes and Sanderson further warrant that they do not own or have an interest in any assets that have not been disclosed in the Financial Statements, and that Your Eyes and Sanderson have made no misrepresentations on, or in connection with, the Financial Statements.  In the event the United States or the State of Connecticut learn of asset(s) in which Your Eyes and Sanderson had an interest at the time of this Agreement which were not disclosed in the Financial Statements, or in the event the United States or the State of Connecticut learn of a misrepresentation by Your Eyes and Sanderson on, or in connection with, the Financial Statements, and in the event such nondisclosure or misrepresentation changes the estimated net worth of Your Eyes and Sanderson set forth on the Financial Statements by 15% or more, the United States and the State of Connecticut may at their option: (1) rescind this Agreement and file suit based on the Covered

-13-

Conduct; (2) execute on the Stipulated Judgment; or (3) let the Agreement stand and collect the full Settlement Amount plus one hundred percent (100%) of the value of the net worth Your Eyes and Sanderson previously failed to disclose.  Your Eyes and Sanderson agree not to contest any collection action undertaken by the United States or the State of Connecticut pursuant to this provision.

15.     In the event that the United States and/or the State of Connecticut, pursuant to paragraph 14 above, opts to rescind this Agreement, Your Eyes and Sanderson expressly agree not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which (a) are filed by the United States and/or the State of Connecticut within 120 days of written notification to Your Eyes and Sanderson that this Agreement has been rescinded, and (b) relate to the Covered Conduct.

16.     Your Eyes and Sanderson warrant that they have reviewed their financial situation and that they currently are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and shall remain solvent following payment to the United States and the State of Connecticut of the Settlement Amount.  Further, the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Your Eyes and Carol Sanderson, within the meaning of 11 U.S.C. § 547(c)(1), and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.  Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value

that is not intended to hinder, delay, or defraud any entity to which Your Eyes and Carol Sanderson were or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

17.     If within 91 days of the Effective Date of this Agreement or of any payment made under this Agreement, Your Eyes and Sanderson commence, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking to have any order for relief of Your Eyes and Sanderson's debts, or seeking to adjudicate Your Eyes and Sanderson as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Your Eyes and Sanderson or for all or any substantial part of Your Eyes and Sanderson's assets, Your Eyes and Sanderson agree as follows:

a.     Your Eyes and Sanderson's obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, and Your Eyes and Sanderson shall not argue or otherwise take the position in any such case, proceeding, or action that:  (i) Your Eyes and Sanderson's obligations under this Agreement may be avoided under 11 U.S.C. § 547; (ii) Your Eyes and Sanderson were insolvent at the time this Agreement was entered into, or became insolvent as a result of the payment made to the United States and the State of Connecticut; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Your Eyes and Sanderson.

b.     If Your Eyes and Sanderson's obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States and the State of Connecticut, at

-15-

their sole option, may rescind the releases in this Agreement and bring any civil and/or administrative claim, action, or proceeding against Your Eyes and Sanderson for the claims that would otherwise be covered by the releases provided in Paragraphs 3 and 4, above.  Your Eyes and Sanderson agree that (i) any such claims, actions, or proceedings brought by the United States or the State of Connecticut are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in the first clause of this Paragraph, and Your Eyes and Sanderson shall not argue or otherwise contend that the United States' and the State of Connecticut's claims, actions, or proceedings are subject to an automatic stay; (ii) Your Eyes and Sanderson shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceeding that are brought by the United States and/or the State of Connecticut within 120 calendar days of written notification to Your Eyes and Sanderson that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective Date of this Agreement; and (iii) the United States has a valid claim against Your Eyes and Sanderson in the amount of $526,977.00, and the United States and the State of Connecticut may pursue their claims in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

   c. Your Eyes and Sanderson acknowledge that their agreements in this Paragraph are provided in exchange for valuable consideration provided in this Agreement.

  18. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Settlement Agreement.

-16-

19.     Each Party and signatory to this Settlement Agreement represents that it freely and voluntarily enters in to this Settlement Agreement without any degree of duress or compulsion.

20.     This Settlement Agreement is governed by the laws of the United States and the State of Connecticut.  The exclusive jurisdiction and venue for any dispute relating to this Settlement Agreement is the United States District Court for the District of Connecticut, except that disputes only between the State of Connecticut and Your Eyes and Carol Sanderson will be resolved in Superior Court for the Judicial District of Hartford, Connecticut.  For purposes of construing this Settlement Agreement, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

21.     This Settlement Agreement constitutes the complete agreement between the Parties.  This Settlement Agreement may not be amended except by written consent of the Parties.

22.     The undersigned counsel represent and warrant that they are fully authorized to execute this Settlement Agreement on behalf of the persons and entities indicated below.

23.     This Settlement Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Settlement Agreement.

24.     This Settlement Agreement is binding on Your Eyes and Sanderson's successors, transferees, heirs, and assigns.

25.     All parties consent to the United States' and the State of Connecticut's disclosure of this Settlement Agreement, and information about this Settlement Agreement, to the public.

*Settlement Agreement Between*
*United States/State of Connecticut,*
*Your Eyes and Carol Sanderson*

26.     This Settlement Agreement is effective on the date of signature of the last signatory to the Settlement Agreement (Effective Date of this Settlement Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

-18-

<u>THE UNITED STATES OF AMERICA</u>

DATED:_3/26/2020___    BY:  JOHN HUGHES  _____
                                    Digitally signed by JOHN HUGHES
                                    Date: 2020.03.26 17:00:22 -04'00'
                         JOHN B. HUGHES
                         Assistant United States Attorney
                         Chief, Civil Division
                         District of Connecticut

DATED:_3/27/2020___    By:  _____
                        SARA KACZMAREK  Digitally signed by SARA KACZMAREK
                                       Date: 2020.03.27 08:58:07 -04'00'
                         SARA G. KACZMAREK
                         Assistant United States Attorney
                         District of Connecticut

DATED: _03/25/2020_    BY:  _Lisa M. Re_____
                         LISA M. RE
                         Assistant Inspector General for Legal Affairs
                         Office of Counsel to the Inspector General
                         Office of Inspector General
                         United States Department of Health and Human Services

*Settlement Agreement Between*
*United States/State of Connecticut,*
*Your Eyes and Carol Sanderson*

THE STATE OF CONNECTICUT

WILLIAM TONG
ATTORNEY GENERAL

DATED: 3/23/2020    BY: _____

GREGORY K. O'CONNELL
Assistant Attorney General
State of Connecticut

-20-

CAROL SANDERSON

DATED: 3/19/2020     BY: _Carol Sanderson_
CAROL SANDERSON

DATED: 3/23/2020     BY: _Jody Erdfarb_
JODY ERDFARB, ESQ.
Wiggin and Dana LLP
Counsel for Carol Sanderson

YOUR EYES OF NEW BRITAIN, INC.

DATED: 3/19/2020     BY: _Carol Sanderson_
CAROL SANDERSON.
Owner

DATED: 3/23/2020     BY: _Jody Erdfarb_
JODY ERDFARB, ESQ.
Wiggin and Dana LLP
Counsel for Your Eyes of New Britain, Inc.

-21-

*Settlement Agreement Between*
*United States/State of Connecticut,*
*Your Eyes and Carol Sanderson*

EXHIBIT A- Payment Schedule- Your Eyes of New Britain

| PAYMENT | | |
|---|---|---|
| Number | Due Date | Amount (monthly payments include interest at 1.75%) |
| 1 | 8/1/2020 | $4,873.67 |
| 2 | 9/1/2020 | $4,873.67 |
| 3 | 10/1/2020 | $4,873.67 |
| 4 | 11/1/2020 | $4,873.67 |
| 5 | 12/1/2020 | $4,873.67 |
| 6 | 1/1/2021 | $4,873.67 |
| 7 | 2/1/2021 | $4,873.67 |
| 8 | 3/1/2021 | $4,873.67 |
| 9 | 4/1/2021 | $4,873.67 |
| 10 | 5/1/2021 | $4,873.67 |
| 11 | 6/1/2021 | $4,873.67 |
| 12 | 7/1/2021 | $4,873.67 |
| 13 | 8/1/2021 | $4,873.67 |
| 14 | 9/1/2021 | $4,873.67 |
| 15 | 10/1/2021 | $4,873.67 |
| 16 | 11/1/2021 | $4,873.67 |
| 17 | 12/1/2021 | $4,873.67 |
| 18 | 1/1/2022 | $4,873.67 |
| 19 | 2/1/2022 | $4,873.67 |
| 20 | 3/1/2022 | $4,873.67 |
| 21 | 4/1/2022 | $4,873.67 |
| 22 | 5/1/2022 | $4,873.67 |
| 23 | 6/1/2022 | $4,873.67 |
| 24 | 7/1/2022 | $4,873.67 |
| 25 | 8/1/2022 | $4,873.67 |
| 26 | 9/1/2022 | $4,873.67 |
| 27 | 10/1/2022 | $4,873.67 |
| 28 | 11/1/2022 | $4,873.67 |
| 29 | 12/1/2022 | $4,873.67 |
| 30 | 1/1/2023 | $4,873.67 |
| 31 | 2/1/2023 | $4,873.67 |
| 32 | 3/1/2023 | $4,873.67 |
| 33 | 4/1/2023 | $4,873.67 |
| 34 | 5/1/2023 | $4,873.67 |
| 35 | 6/1/2023 | $4,873.67 |
| 36 | 7/1/2023 | $4,873.67 |
| 37 | 8/1/2023 | $4,873.67 |
| 38 | 9/1/2023 | $4,873.67 |
| 39 | 10/1/2023 | $4,873.67 |
| 40 | 11/1/2023 | $4,873.67 |
| 41 | 12/1/2023 | $4,873.67 |
| 42 | 1/1/2024 | $4,873.67 |